IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DARRYL MCCORMICK SOUTHERN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV847 |
| | ) | 1:08CR6-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner was convicted in this Court of one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and § 924(e) and subsequently received a sentence of 188 months of imprisonment based on his status as an Armed Career Criminal. He now brings a Motion (Docket Entry 30) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). That Motion is now before the court for initial screening and review.

Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Although the rule in Johnson applies in Petitioner's case, he still cannot receive relief for the reasons that follow.

Petitioner's only claim in his Motion is that his prior convictions in North Carolina for breaking and entering no longer qualify as predicate offenses supporting his sentence under the Armed Career Criminal Act. Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another...." A crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as unconstitutionally vague the "residual clause" of the statute, which covered offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct at 2563.

Petitioner contends that the striking of the residual clause by Johnson invalidates his breaking and entering predicates. However, such convictions are Armed Career Criminal convictions under § 924(e)'s enumerated clause, not its invalidated residual clause, and are always violent felonies under § 924(e). United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) ("The ACCA defines 'violent felony' to include, as relevant here, any offense

2

that 'is burglary'" and "N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary . . . . N.C. Gen. Stat. § 14–54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) ("[C]onvictions under North Carolina law for breaking or entering under N.C.G.S. § 14-54 qualify as generic burglaries under the *Taylor* case and justify an enhancement of punishment under § 924(e)(2)(B)(ii)."). Petitioner's Motion should be dismissed because his "argument is foreclosed by [the] decision in" Mungro. United States v. Jones, ___ F. App'x ___, ___, 2016 WL 5682559, at *1 (4th Cir. 2016). In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 30) to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 9th day of November, 2016.

_____
Joe L. Webster
United States Magistrate Judge